Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Telephone:  (951) 686-4800
Fax:          (951) 686-4801
dew@wagner-pelayes.com

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO
and SHERIFF JOHN McMAHON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DANIEL SALAZAR,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN MCMAHON; and DOES 1 through 25, inclusive,<br><br>        Defendants. | CASE NO.  2:16-cv-9290<br><br>[San Bernardino Superior Court Case No.: CIVDS 1618313]<br><br>**DEFENDANTS' COUNTY OF SAN BERNARDINO'S AND SHERIFF JOHN McMAHON'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§§ 1331, 1441, and 1446]** |

**TO THE UNITED STATES DISTRICT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, DANIEL SALAZAR, AND HIS ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441 and 1446 Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN

1

McMAHON hereby remove the above-entitled action from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California, Eastern Division.  In support of the removal, Defendants indicate that this court has original subject matter jurisdiction over the lawsuit filed by the Plaintiff pursuant to 28 U.S.C. § 1331 based upon a federal question or statute as Plaintiff seeks remedies pursuant to civil rights violations as provided in 42 U.S.C. §§ 1983 and 1988.

## SUMMARY OF COMPLAINT

1.      On October 25, 2016, plaintiff Salazar filed a complaint in the Superior Court of the State of California for the County of San Bernardino entitled Daniel Salazar versus County of San Bernardino, Sheriff John McMahon, and DOES 1-25, inclusive, case number CIVDS 1618313.  The lawsuit was served upon the San Bernardino Sheriff's Department on or about November 22, 2016 on behalf of the County of San Bernardino and Sheriff John McMahon.  Attached hereto as Exhibit "1" represents all of the pleadings, and documents on file in the Superior Court for which counsel for the defendants is aware.

2.      A true and correct copy of the declaration of Gordon Clemmer from the San Bernardino Sheriff's Department concerning service of process of the lawsuit upon the Sheriff's Department is attached hereto as Exhibit "2".

3.      A true and correct copy of the declaration of Dennis E. Wagner in support of removal is attached hereto as Exhibit "3".

4.      Pursuant to the complaint, Plaintiff seeks to remove all the federal claims seeking damages, compensatory damages, attorney's fees, court costs, and all matters set forth in the subject complaint in addition if this Court allows any and all pendent state claims.

/ /

/ /

DEFENDANTS' NOTICE OF REMOVAL

## THE REMOVAL IS TIMELY

5.     The Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service upon the Defendants.  No prior Notice of Removal has been filed or made with this Court for the relief sought herein.

## THIS COURT HAS SUBJECT MATTER JURISDICTION

6.     This Court has jurisdiction over the federal claims set forth in the complaint as it concerns civil rights allegations pursuant to 42 U.S.C. §§ 1983 and 1988.

## SUMMARY OF PROCEEDINGS

7.     The Plaintiff's complaint alleges excessive force in violation of his federal civil rights pursuant to an incident that occurred on or about November 9, 2015 within the City of Victorville where Plaintiff was shot and injured by a deputy with the Sheriff's Department.  Plaintiff's complaint may have issues with respect to it being filed as there are currently criminal proceedings pending before the state court of California as it concerns the actions of the Plaintiff on the day of the incident.  That criminal case is set forth as *People of the State of California v. Daniel Isias Salazar*, Case No.: FSB1600129, pending in Department S4.

## OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED HEREIN

8.     Venue lies in the Central District of California, Eastern Division pursuant to 28 U.S.C. §§ 1441 and 1446.  The original action was brought in the Superior Court of the State of California, County of San Bernardino.  Therefore, removal to this Court is appropriate.

9.     Defendants will promptly serve Plaintiff with this Notice of Removal and promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Bernardino, as required pursuant to 28 U.S.C. § 1446(d).

**DEFENDANTS HAVE NOT SOUGHT ANY RELIEF OF ANY KIND AGAINST THE PLAINTIFF**

10.     If questions of any kind arise as to propriety of the removal of the action, defendants respectfully request the opportunity to present a brief and provide oral argument to support its position that the subject case is removable to this federal district Court.

**WHEREFORE**, Defendants respectfully request that the action be removed from the Superior Court of the State of California in and for the County of San Bernardino to the United States District Court for the Central District of California, Eastern Division and that all future proceedings in the matter take place in the United States District Court for the Central District of California, Eastern Division.


Dated:  December 16, 2016          WAGNER & PELAYES, LLP


                                   /s/ Dennis E. Wagner
                                   DENNIS E. WAGNER, Esq.
                                   Attorneys for Defendants,
                                   COUNTY OF SAN BERNARDINO and
                                   SHERIFF JOHN McMAHON

4

# EXHIBIT "1"

# Case Report

**Home**  Complaints/Parties  **Actions**  Minutes  Pending Hearings  **Case Report**  Images

Case Type: ▼

Case Number: Search

Print this Report

## Case CIVDS1618313 - SALAZAR -V- SB CO SHERIFFS ET AL

## Case CIVDS1618313 - Complaints/Parties

**Complaint Number:** 0001 — CMP COMPLAINT (UNLIMITED) of DANIEL SALAZAR
**Original Filing Date:** 10/25/2016
**Complaint Status:**  ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | PLAINTIFF | DANIEL SALAZAR | LAW OFFICES OF JACOB EMRANI | |
| 2 | DEFENDANT | SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT | Unrepresented | Serve Required (WaitS) |
| 3 | DEFENDANT | SHERIFF JOHN MCMAHON | Unrepresented | Serve Required (WaitS) |

## Case CIVDS1618313 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 05/11/2017 8:30 AM DEPT. S23 | TRIAL SETTING CONFERENCE | | |
| | 10/31/2016 | PARTY SAN BERNARDINO COUNTY SHERIFF'SDEPARTMENT UPDATED: NAME | Not Applicable | |
| N | 10/31/2016 | NOTICE IMAGED | Not Applicable | 🖼 |
| | 10/25/2016 | CASE ASSIGNED FOR ALL PURPOSES TO DEPARTMENT S23 | | |
| | 10/25/2016 | FILING FEE PAID BY DANIEL SALAZAR FOR ENVELOPE W/POST | Not Applicable | |
| **Minutes** Receipt: 161031-0142　　　$0.69 161031-0142-VS Reference Number 05240G | | | | |
| | 10/25/2016 | FILING FEE PAID BY DANIEL SALAZAR FOR FAX/COPIES FEES | Not Applicable | |
| **Minutes** Receipt: 161031-0137　　　$23.00 161031-0137-VS Reference Number 05240G | | | | |
| | 10/25/2016 | FILING FEE PAID BY DANIEL SALAZAR FOR FIRST | Not | |

| | | APPEARANCE FEES | Applicable | |
|---|---|---|---|---|
| | | **Minutes**<br>Receipt: 161031-0132          $435.00<br>161031-0132-VS Reference Number 05240G | | |
| N | 10/25/2016 | CERTIFICATE OF ASSIGNMENT RECEIVED. | Not Applicable | |
| N | 10/25/2016 | COMPLAINT AND PARTY INFORMATION ENTERED | Not Applicable | |
| N | 10/25/2016 | SUMMONS ISSUED AND FILED | Not Applicable | |
| N | 10/25/2016 | CIVIL CASE COVER SHEET FILED. | Not Applicable | |

## Case CIVDS1618313 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| 05/11/2017 8:30 AM DEPT. S23 | TRIAL SETTING CONFERENCE | | |

Print this Report

# EXHIBIT "2"

Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Telephone: (951) 686-4800
Fax: (951) 686-4801
dew@wagner-pelayes.com

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO
and SHERIFF JOHN McMAHON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DANIEL SALAZAR,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN MCMAHON; and DOES 1 through 25, inclusive,<br><br>　　　Defendants. | CASE NO.  2:16-cv-9290<br><br>[San Bernardino Superior Court Case No.: CIVDS 1618313]<br><br>**DECLARATION OF GORDON CLEMMER IN SUPPORT OF DEFENDANTS' COUNTY OF SAN BERNARDINO'S AND SHERIFF JOHN McMAHON'S NOTICE OF REMOVAL** |

1

I, GORDON CLEMMER, declare as follows:

1. That I am employed as a civil investigator for the Civil Liabilities Division for the San Bernardino Sheriff's Department and have been acting in this capacity for approximately six years. The Civil Liabilities Division coordinates with the County's Risk Management Department and County Counsel as well as independent law firms in defending the Sheriff's Department, the Sheriff, and the Sheriff's Department's employees in civil litigation. That I am familiar with the procedures that are utilized by the department for acceptance of service of legal process on behalf of the Sheriff's Department and its employees. I have personal knowledge of the facts set forth herein and if called to testify I could and would competently do so as to the following:

2. That on or about November 22, 2016, I was contacted by our clerk personnel that service had been affected in the subject case, *Daniel Salazar v. County of San Bernardino and Sheriff John McMahon*, as copies of the summons and complaint were provided to the clerk who in turn provided these documents to me. The documents were served upon the department November 22, 2016.

3. That upon service of the subject documents, I initiated our internal process for ensuring that legal counsel becomes involved with the litigation.

I declare under penalty and perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this 15 day of December, 2016 in San Bernardino, California.

GORDON CLEMMER

2

# EXHIBIT "3"

Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Telephone:  (951) 686-4800
Fax:          (951) 686-4801
dew@wagner-pelayes.com

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO
and SHERIFF JOHN McMAHON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DANIEL SALAZAR,<br><br>      Plaintiff,<br><br>      vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN MCMAHON; and DOES 1 through 25, inclusive,<br><br>      Defendants. | CASE NO.  2:16-cv-9290<br><br>[San Bernardino Superior Court Case No.: CIVDS 1618313]<br><br>**DECLARATION OF DENNIS E. WAGNER IN SUPPORT OF DEFENDANTS' COUNTY OF SAN BERNARDINO'S AND SHERIFF JOHN McMAHON'S NOTICE OF REMOVAL** |

1

DECLARATION OF DENNIS E. WAGNER IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, DENNIS E. WAGNER, declare as follows:

1.     That I am an attorney duly licensed to practice before the United States District Court for the Southern, Central, and Northern Districts of California and have personal knowledge of the facts set forth herein and if called to testify could do so completely thereon based upon my own personal knowledge.

2.     That my law firm is counsel of record for Defendants County of San Bernardino and Sheriff John McMahon in the instant case.  This declaration is made in support of the Application for Removal on behalf of Defendants removing the case from the Superior Court for the State of California, County of San Bernardino to the United States District Court, for the Central District, Eastern Division.

3.     Service was effected upon the Sheriff's Department in or around November 22, 2016 as set forth in the Declaration of Gordon Clemmer, also filed in support of the application for Notice of Removal.  The underlying case concerns mixed federal and state claims arising out of a shooting incident involving the Sheriff's Department and the Plaintiff, Daniel Salazar, that took place in and around November 9, 2015.

4.     That attached to my declaration as Exhibit "1" is a true and correct copy of the Summons and Complaint concerning the underlying lawsuit brought by Daniel Salazar.

5.     That attached hereto and incorporated as a true and correct copy as Exhibit "2" is a true and correct copy of the answer that was filed by the Defendants to the claims brought by Daniel Salazar.

6.     That the underlying application for removal to the federal court is done within 30 days and complies with 28 U.S.C. §§§ 1331, 1441, and 1446.

7.     That Defendants believe that good cause exists to remove this State Court action to the Federal Court as provided in the Notice of Removal.  To the

2

DECLARATION OF DENNIS E. WAGNER IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

extent that any issue is deemed to exist as it concerns the application, counsel for Defendants would appreciate any opportunity to brief and/or argue the merits should there be a question regarding the propriety of removal of the subject case.

I declare under penalty and perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this 16 day of December, 2016 in Riverside, California, United States of America.

/s/ Dennis E. Wagner
DENNIS E. WAGNER

3

DECLARATION OF DENNIS E. WAGNER IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

EXHIBIT "1"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED
SAN BERNARDINO SHERIFF
CIVIL LIABILITIES DIV.
16 NOV 22 PM 3: 37

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT;
SHERIFF JOHN MCMAHON, and DOES 1 through 25, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DANIEL SALAZAR

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 2 5 2016

BY _____
CUAUHTEMOC NUNEZ, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): San Bernardino Superior Court 247 West Third Street, San Bernardino, CA 92415 | CASE NUMBER: (Número del Caso): CIVDS1618313 |
|---|---|

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jacob Emrani; Law Offices of Jacob Emrani, APC; 1516 S. Broadway, Los Angeles, CA 90015; 213-748-7734

| DATE: OCT 2 5 2016 (Fecha) | Clerk, by Cuauhtemoc Nunez , Deputy (Secretario) (Adjunto) |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

Copy

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Jacob Emrani, Esq., State Bar No. 185535
Brett C. Drouet, Esq. State Bar No. 192889
Timothy P. Mitchell, Esq., State Bar No. 234130
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
1516 South Broadway
Los Angeles, CA 90015
Tel: 213-748-7734
Fax: 213-748-8879

Attorneys for Plaintiff
DANIEL SALAZAR

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 2 5 2016

BY _____
GUAUHTEMOC NUNEZ, DEPUTY

**BY FAX**

## STATE OF CALIFORNIA SUPERIOR COURT

## COUNTY OF SAN BERNARDINO

DANIEL SALAZAR,

              Plaintiff,

v.

SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JOHN
MCMAHON; and DOES 1 through 25,
inclusive,

              Defendants.

) Case No.: CIVDS1618313
) Honorable
) Dept:
)
) COMPLAINT FOR DAMAGES FOR VIOLATIONS OF
) CIVIL RIGHTS
) 1)    UNLAWFUL DETENTION (42 U.S.C. §1983)
) 2)    EXCESSIVE FORCE (42 U.S.C. §1983)
) 3)    ARREST WITHOUT PROBABLE CAUSE (42
) U.S.C. §1983)
) 4)    FALSE IMPRISONMENT (42 U.S.C. §1983)
) 5)    ASSAULT
) 6)    BATTERY
) 7)    INTENTIONAL INFLICTION OF EMOTIONAL
) DISTRESS
) 8)    NEGLIGENCE
) 9)    FAILURE TO PROPERLY SCREEN AND HIRE
) 10)    FAILURE TO PROPERLY TRAIN
) 11)    FAILURE TO SUPERVISE AND DISCIPLINE;
) 12)    MONELL LIABILITY FOR A PATTERN OF
) BRUTALITY
) 13)    VIOLATION OF CALIFORNIA CIVIL CODE
) §52.1
)
) JURY TRIAL DEMANDED
) Trial Date:
) Complaint Filed:

1

**COMPLAINT FOR DAMAGES**

Plaintiff DANIEL SALAZAR, by and through his attorneys of record, alleges and complains as follows:

### INTRODUCTION

On or about November 9, 2015, Daniel Salazar was sitting in a public area when he was terrorized and ultimately shot by San Bernardino County Sheriff's Department Deputies. The incident began as Deputies searched for a suspect in the area. Plaintiff was shot by deputies and taken from the scene by helicopter for emergency medical treatment.

### GENERAL ALLEGATIONS

1. Jurisdiction is proper in the County of San Bernardino as the events and occurrences were in the County of San Bernardino.

2. Jurisdiction is proper in the State of California Superior Court because the parties involved and the issues presented are based upon California Law.

3. Jurisdiction is also proper because all named parties, and DOES reside in San Bernardino County and/or the State of California.

4. Plaintiff has complied with Government Code §800 et seq.

### PARTIES

5. At all times relevant to this complaint, Plaintiff was an individual residing in San Bernardino County, California.

6. At all times relevant, DOE 1 is a deputy working for the San Bernardino County Sheriff's Department who resides in San Bernardino County.

7. At all times relevant, DOE 2 is a deputy working for the San Bernardino County Sheriff's Department who resides in San Bernardino County.

8. At all times relevant, DOE 3 is a deputy working for the San Bernardino County Sheriff's Department who resides in San Bernardino County.

9. At all times relevant, DOE 4 is a deputy working for the San Bernardino County Sheriff's Department who resides in San Bernardino County.

2

COMPLAINT FOR DAMAGES

10. At all times relevant, DOE 5 is a deputy working for the San Bernardino County Sheriff's Department who resides in San Bernardino County.

11. At all times relevant to this complaint, Sheriff John McMahon is the Sheriff of San Bernardino County and a policy maker.

12. At all times relevant to this complaint, Defendant San Bernardino County Sheriff's Department was a municipal corporation operating in San Bernardino County, California and employing the individual defendant deputies, who were acting within the scope of their employment.

13. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 25, inclusive, and/or is truly ignorant of the facts giving rise to their liability ad will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

### FACTS

14. Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

15. On or about November 9, 2015, the Travel Inn and Suites was robbed by an unknown individual. The only description was male Hispanic, in gray hoodie and gray beanie.

16. After the attempted robbery, the unknown individual fled.

17. On or about November 9, 2015, Plaintiff DANIEL SALAZAR was at the corner of Culley Street and Lacy Street in the City of Victorville, California County of San Bernardino.

18. Defendants negligently identified Plaintiff as a suspect in a robbery and accosted Plaintiff DANIEL SALAZAR.

19. The deputies ordered Plaintiff DANIEL SALAZAR to put his hands up in the air. Plaintiff complied.

20. Plaintiff DANIEL SALAZAR was facing away from the deputies and backing towards them with his hands in the air.

21. Plaintiff DANIEL SALAZAR was shot with a bean bag round in his back. Plaintiff then turned to face the deputies, and the Defendants then shot Plaintiff DANIEL SALAZAR in the stomach

3

with a bullet.

## FIRST CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C. §1983) Unlawful Stop and Detention against Defendants)

22.     Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

23.     42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

24.     Plaintiffs had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

25.     A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.

26.     A police officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime.

27.     Plaintiff was seated at the intersection of Lacey Street and Culley Street in Victorville, CA. Deputies happened across him as he was quietly seated and was not in the commission of any crime, nor did he run away from deputies at the time. He had not committed any criminal offense to warrant the deputies to initiate the detainment.

28.     The only description the deputies had to identify the robbery suspect was a Hispanic male wearing a gray hoodie and gray beanie.

29.     The Defendants knew there was no basis for their approach of the Plaintiff.

30.     The Defendants acted unreasonably in stopping their car to detain Plaintiff and subjecting him to injury when they had only a limited description of the individual and no other basis for contacting him.

4

COMPLAINT FOR DAMAGES

31. As a result of the Defendant's actions, Plaintiff suffered damages in the amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C. §1983) Excessive Force against Defendants)

32. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

33. Plaintiffs had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress.

34. Plaintiffs had a firmly established right to be free from excessive force being used against them.

35. On November 9, 2015, Daniel Salazar posed no threat to Defendants.

36. There was no basis for the deputies to stop and detain Daniel Salazar as he sat on the curb.

37. There was no need to use any force against Daniel Salazar because there was no probable cause to stop and detain Daniel Salazar.

38. Shooting Daniel Salazar in the back with a bean bag round was excessive and unnecessary.

39. Shooting Daniel Salazar in the stomach with a bullet was excessive and unnecessary.

40. Defendants acted under the color of state law in violating Plaintiff's rights.

41. Defendants were acting in purported compliance with a policy promulgated by the San Bernardino County Sheriff's Department, in using force against citizens who had broken no law.

42. During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the County of San Bernardino.

43. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.

44. The conduct alleged herein caused Plaintiffs to be deprived of their civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and

5

COMPLAINT FOR DAMAGES

actually caused Plaintiffs to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

45.    The conduct alleged herein was done in deliberate or reckless disregard of and plaintiff's constitutionally protected rights; justifying the award of exemplary damages against defendant officers in an amount according to proof at the time of trial in order to deter the defendant from engaging in similar conduct and to make an example by way of monetary punishment.

46.    Plaintiffs are also entitled to attorney fees and costs of suit herein.

### THIRD CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) False Arrest against Defendants)**

47.    Plaintiff re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

48.    Plaintiffs had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested Daniel Salazar without a warrant despite the fact that they had committed no crime.

49.    Defendants arrested Daniel Salazar without probable cause.

50.    Defendants were at this time performing their duties as officers for the defendant, San Bernardino County Sheriff's Department.

51.    During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the County of San Bernardino.

52.    The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

53.    Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

6

**COMPLAINT FOR DAMAGES**

54.    Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. §1988, and all applicable law, and such additional relief as the Court deems just.

## FOURTH CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C. §1983) False Imprisonment against Defendants)

55.    Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

56.    Defendants unlawfully detained Plaintiffs for an unreasonable period of time after they knew or should have known that they had committed no crimes.

57.    False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

58.    The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code § 3294 *et seq.* and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

59.    As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Assault against Defendants)

60.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

61.    Defendants assaulted Daniel Salazar by intentionally placing him in imminent apprehension of physical violence. Defendants pointed their lethal weapons at him.

62.    Defendants acted with an intent to cause harmful or offensive contact with the Plaintiffs and the intended harmful or offensive contact did in fact occur.

63.    The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Plaintiffs and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

7

64. As a result of the defendants' intent to cause harmful or offensive contact with Plaintiffs and the fact that the intended harmful or offensive contact did in fact occur, Plaintiffs suffered damages according to proof at the time of trial.

65. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

## SIXTH CAUSE OF ACTION

### (Battery against Defendants)

66. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

67. Defendants acted with an intent to cause harmful or offensive contact with the Plaintiffs and the intended harmful or offensive contact did in fact occur.

68. The harmful or offensive contact was not privileged nor consented to.

69. As a result of the Defendants' intent to cause harmful or offensive contact with Plaintiffs and the fact that the intended harmful or offensive contact did in fact occur, Plaintiffs have suffered damages according to proof at the time of trial.

70. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against Defendants)

71. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

72. By engaging in the acts alleged herein, Defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiffs to suffer emotional distress.

73. As a direct, proximate and foreseeable result, Plaintiffs suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs.

74. The conduct of Defendants also amounts to oppression, fraud or malice and punitive

8

damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

## EIGHTH CAUSE OF ACTION

### (Negligence by Defendants)

75.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

76.    Defendants had a duty to Plaintiffs to act with ordinary care and prudence so as not to cause harm or injury to another.

77.    By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiffs.

78.    Defendants San Bernardino County Sheriff's Department failed to act with ordinary care in failing to properly train and supervise their deputies with respect to proper procedures on detention and arrest of citizens; the use of force in effectuating arrests; and the use of the firearm.

79.    As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiffs suffered damages in an amount according to proof at the time of trial.

## NINTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) against Defendants for Failure to Properly Screen and Hire)**

80.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

81.    The defendants, their agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

82.    The failure of these defendants to properly screen and hire the defendant deputies as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of plaintiffs and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

83.    Due to the acts of the defendants, the failure to properly screen and hire deputies and the continued employment of the defendant deputies present a clear and present danger to the residents of the

COMPLAINT FOR DAMAGES

County of San Bernardino.

84.    The lack of adequate screening and hiring practices by the defendants evince deliberate indifference to the rights of plaintiffs and others in their position.

85.    These hiring practices led to the employment of defendants DOES and caused the harms suffered by the plaintiffs in this case.

86.    As a result of Defendants' actions, Plaintiffs suffered physical and psychological injuries.

## TENTH CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C. §1983) For Failure to Properly Train Against Defendants)

87.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

88.  .  The defendants San Bernardino County Sheriff's Department and DOES, as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force; and to prevent extra judicial punishment by deputies.

89.    Defendants failed to provide adequate training to deputies on the proper protocol and procedure on detention and arrest of citizens; the use of force in effectuating arrests; and the use of their firearms.

90.    Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

91.    The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiffs and others in their position.

92.    The constitutionally infirm lack of adequate training as to the officers in this case caused plaintiffs' damages.

93.    As a result of Defendants' actions, Plaintiffs suffered physical and psychological injuries.

10

## ELEVENTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) For Failure to Supervise and Discipline Against Defendants)**

94.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

95.    County of San Bernardino Sheriff's Department and DOES, as a matter of custom, practice and policy, failed to supervise deputies to prevent, deter and punish the unconstitutional and excessive use of force.

96.    Upon information and belief, the defendants knew or should have known of the dangerous propensities of defendant DOES but took no steps to supervise them, correct their abuse of authority, or discourage their unlawful use of authority.

97.    To the contrary, defendants condoned and acquiesced in the abusive behavior of deputies by refusing to retrain them, discipline them, or correct their abusive behavior.

98.    Defendant DOES were not disciplined for their use of force on Plaintiff Daniel Salazar.

99.    Defendants were, or should have been aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their deputies.

100.    The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of plaintiff and others in their position.

101.    The lack of adequate supervision and discipline caused plaintiff's damages.

102.    As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## TWELVETH CAUSE OF ACTION

**(Monell Municipal Liability Civil Rights Action (42 U.S.C. §1983) Against Defendant San Bernardino County Sheriff's Department)**

103.    Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

11

**COMPLAINT FOR DAMAGES**

104.   Defendant San Bernardino County Sheriff's Department promulgated and maintained an unconstitutional policy, ordinance or regulation which allowed its police officers to use lethal force in violation of the rights of citizens.

105.   Defendant was deliberately indifferent to the widespread misconduct on the part of DOE Deputies in detaining citizens who had committed no crimes.

106.   Defendant was deliberately indifferent to the widespread misconduct on the part of DOE Deputies in the application of unnecessary and excessive use of force.

107.   Defendant was deliberately indifferent to the widespread use of lethal force by its deputies and failed to set forth appropriate policy regarding the use of lethal force.

108.   During the relevant period, defendant DOE Deputies, were acting pursuant the policy of defendant San Bernardino County Sheriff's department.

109.   Defendant knew or should have known of the risks posed by the Department's policies regarding the improper and excessive use of force and the use of lethal force.

110.   The defendant was deliberately indifferent to the right of Daniel Salazar to be free from, and protected from, harm by the brutality of deputies and to be secure in their bodily integrity.

111.   As a direct result, plaintiffs were battered, intentionally and negligently inflicted with emotional distress and their Constitutional rights were violated.

112.   The unlawful and illegal conduct of the defendant deprived plaintiffs of the rights, privileges and immunities secured to them by the Constitutions of the United States and of the State of California.

113.   As a direct, proximate and foreseeable result, Plaintiffs suffered damages in an amount according to proof at the time of trial.

## THIRTEENTH CAUSE OF ACTION

**(California Civil Rights Violation (Section 52.1) against Defendants)**

114.   Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

12

COMPLAINT FOR DAMAGES

115.   Plaintiffs had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the California Constitution.

116.   The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

117.   The Defendants interfered with Plaintiffs' rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use of force alleged above.

118.   This interference with Plaintiffs' rights was perpetrated by the Defendants in violation of California Civil Code§ 52.1 and their right under the Fourth and Fourteenth amendments to be free from excessive force under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution and the California Constitution.

119.   Due to the violation of Plaintiffs' rights by all Defendants, Plaintiffs suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial.

120.   Plaintiffs are also entitled to the statutory civil penalties set forth in Civil Code§ 52.1, attorneys' fees and costs of suit incurred herein.

121.   The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendant County of San Bernardino Sheriff's Department is liable for the acts of its officers as they have agreed with and or ratified the acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment as follows:

1.   Directing Defendants to set forth policies and procedures as may be necessary and proper

13

COMPLAINT FOR DAMAGES

with respect to the use of force.

2.     Entering judgment for compensatory general and special damages in an amount in accordance with proof.

3.     Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

4.     Awarding reasonable attorney's fees, expenses, and costs of suit.

5.     Granting such other and further relief as the Court deems proper.

LAW OFFICES OF JACOB EMRANI
A Professional Corporation

Dated:      October 25, 2016

JACOB EMRANI, ESQ.
TIMOTHY P. MITCHELL, ESQ.
Attorneys for Plaintiff DANIEL SALAZAR

14

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jacob Emrani, Esq.; SBN 185535<br>Law Offices of Jacob Emrani, APC<br>1516 S. Broadway<br><br>TELEPHONE NO.: (213) 748-7734    FAX NO.: (213) 748-8879<br>ATTORNEY FOR (Name): Daniel Salazar | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>OCT 2 5 2016<br><br>BY _____<br>CUAUHTEMOC NUÑEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: Central

CASE NAME:
Salazar v San Bernardino County Sheriff's Department, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIVDS1618313 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**BY FAX**

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☑ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 13
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 25, 2016
Jacob Emrani
(TYPE OR PRINT NAME)                                        ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach--Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal--Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVDS1618313

Case No. _____

Daniel Salazar

vs.

San Bernardino County Sheriff's Department; Sheriff John McMahon; and Does 1 through 25, inclusive

**CERTIFICATE OF ASSIGNMENT**

**BY FAX**

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [X] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other CIVIL RIGHTS | ASSAULT, BATTERY, ETC. |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

INTERSECTION OF CULLEY STREET AND LACEY STREET

[NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR]                    ADDRESS

VICTORVILLE                         CA                    92395

(CITY)                             (STATE)               (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

October 25, 2016                at    Los Angeles                        , California

_____
Signature of Attorney/Party

13-16503-360 Rev. 10/84                                                    SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                          CASE NO: CIVDS1618313
   LAW OFFICES OF JACOB EMRANI
   1516 S BROADWAY
   LOS ANGELES CA 90015
                              NOTICE OF TRIAL SETTING CONFERENCE
                              and NOTICE OF CASE ASSIGNMENT

IN RE: SALAZAR -V- SB CO SHERIFFS ET AL

THIS CASE HAS BEEN ASSIGNED TO: DONALD  ALVAREZ IN DEPARTMENT S23
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 05/11/17 at  8:30 in Dept. S23


DATE: 10/31/16  Nancy Eberhardt, Interim Court Executive Officer
                                             By: CUAUHTEMOC NUNEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                        CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/31/16
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/31/16 at San Bernardino, CA

                              BY: CUAUHTEMOC NUNEZ

EXHIBIT "2"

Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Telephone: (951) 686-4800
Fax:           (951) 686-4801

*Exempt per Gov. Code § 6103*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 1 5 2016

BY_____
JASMIN CASILLAS, DEPUTY

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO
and SHERIFF JOHN McMAHON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| DANIEL SALAZAR,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN MCMAHON; and DOES 1 through 25, inclusive,<br><br>    Defendants. | CASE NO. CIVDS 1618313<br><br>**ANSWER TO COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

COME NOW, defendants, COUNTY OF SAN BERNARDINO, erroneously sued and served herein as San Bernardino County Sherriff's Department, and SHERIFF JOHN McMAHON, and present their answer to the complaint of plaintiff Daniel Salazar, as follows:

**GENERAL DENIAL**

1.     Under the provisions of § 431.30 of the California Code of Civil Procedure, these answering defendants deny each and every allegation in the complaint and the whole thereof, and deny that plaintiff has been damaged in the sum or sums alleged, or in any other sums, or at all.

1

ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SEPARATE AND ADDITIONAL DEFENSES

2.    By alleging the separate and additional defenses set forth below, defendants are not agreeing or conceding that they have the burden of proof or burden of persuasion as to any of these issues.  Furthermore, all such defenses are plead in the alternative, and do not constitute an admission of liability or that plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

3.    The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

4.    At the time of the events referred to herein, defendants used only such force as reasonably appeared necessary under the totality of the circumstances to protect themselves from injury and damage from the plaintiff and/or to effect the arrest of plaintiffs and/or to overcome resistance.

### THIRD AFFIRMATIVE DEFENSE

5.    At all times herein mentioned plaintiff interfered with and obstructed peace officers from discharging their duties, and plaintiff knew, or in the exercise of reasonable care should have known that he was the subject of a lawful investigation by peace officers who had been rightfully summoned to the scene, and failed to refrain from demonstrating threatening behavior towards the officers; that said peace officers used only such force as was reasonably necessary under the circumstances in the discharge of their duties.

### FOURTH AFFIRMATIVE DEFENSE

6.    Any injury or damages to plaintiff was proximately caused by the negligence and intentional unlawful conduct of plaintiff or others, in that plaintiff or others failed to exercise ordinary care under the circumstances.  Plaintiff is therefore barred from recovery herein, or, if any liability is found on the part of defendants, then plaintiff' recovery shall be reduced on the basis of plaintiff's contributory comparative negligence.

//

//

2

## FIFTH AFFIRMATIVE DEFENSE

7.    These answering defendants acted in good faith, and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal rights of plaintiffs or their decedent.

## SIXTH AFFIRMATIVE DEFENSE

8.    At all times the answering defendants acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

9.    At all times relevant to this litigation, these defendants acted in good faith and with probable cause and entertained an honest reasonable belief that their actions were reasonable and necessary thereby precluding the plaintiff from maintaining any causes of action for violation of is civil rights. *Pierson v. Ray* (1967) 386 U.S. 547.

## EIGHTH AFFIRMATIVE DEFENSE

10.    At no time relevant to this litigation did the plaintiff sustain any violation of his civil rights pursuant to a governmental habit or custom thereby precluding him from maintaining his causes of action for violations of civil rights. *Monell v. Dept. of Social Serves* (1978) 436 U.S. 658.

## NINTH AFFIRMATIVE DEFENSE

11.    At all times relevant to this litigation, these defendants were performing discretionary functions and defendants' conduct did not violate any established statutory or constitutional rights of which a reasonable person would consider to be civil rights.

## TENTH AFFIRMATIVE DEFENSE

12.    To the extent that the plaintiff's Complaint and causes of action for violations of his civil rights are based upon a theory of respondeat superior against these defendants, the public entity defendant is immune from liability. *Monell v. Dept. of Social Services* (1978) 436 US 658.

//

ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## ELEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff failed to mitigate damages, if any, and is therefore barred from recovery herein, or in the alternative, should have the damages reduced by that amount attributable to the failure to mitigate.

## TWELFTH AFFIRMATIVE DEFENSE

14. Any award for punitive damages herein would deprive defendants of their rights under the United States and California Constitutions in that:

a) Defendants would be placed in double jeopardy by being tried twice for the same offense, in contravention of the Fifth and Fourteenth Amendments (U.S.) and Article I, section 15 (California).

b) Defendants would be deprived of their right to trial by a unanimous jury in contravention of the Sixth and Fourteenth Amendments (U.S.) and Article I, section 15 (California).

c) Defendants would be deprived of their property without due process of law in contravention of the Fifth and Fourteenth Amendments (U.S.) and Article I, section 7 and Article I, section 15 (California) in that:

1. The laws and statutes prescribing criteria for imposition of punitive damages and the amounts thereof are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty or to know in advance what the amount of such penalty will be;

2. Such damages would be imposed without proof of guilt beyond a reasonable doubt;

3. The award for punitive damages would be made by less than a unanimous jury;

4. Defendants would be deprived of their rights as stated elsewhere in this defense, and in other ways.

d) Defendants would be required to be a witness against themselves in contravention of the Fifth and Fourteenth Amendments (U.S.) and Article I, section 15

4

ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

(California).

e)       The award of punitive damages would be imposed without proof of guilt beyond a reasonable doubt, in contravention of the Sixth Amendment (U.S.) and Article I, section 16 (California).

f)       Defendants would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments (U.S.) and Article I, section 7 (California) in that any award of such damages would be based upon defendants' wealth, and in other respects.

g)       Any award of punitive damages would be an excessive fine, and cruel and unusual punishment in contravention of the Eighth Amendment (U.S.) and Article I, section 17 (California).

h)       The laws and statutes providing for punitive damages, as applied, impair the obligation of contracts, in contravention of Article I, section 10 (U.S.) and Article I, section 9 (California).

i)       By reasons of the premises, Plaintiff is not entitled to punitive damages herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

15.       Plaintiff failed to comply with the claims presentation requirements of Government Code section 900 et seq., including particularly, sections 901, 905, 910, 911.2, 911.4, 911.6, 911.8, 912.4, 945.4, 945.6, 946.6, 950.2 and Code of Civil Procedure sections 313, and 342 in that the Complaint exceeds the scope of and/or is not fairly represented in plaintiff's claim with respect, but not limited to, the defendants included in the Complaint, and the type of damages/injuries sustained by the plaintiff.

## FOURTEENTH AFIRMATIVE DEFENSE

16.       Without making any admission of liability, at no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of these Defendants were, at most, a mere negligent act of an official causing unintended loss of or injury to life, liberty or property and the plaintiffs are therefore precluded from maintaining their causes of action for violations of their civil rights. *Daniels v. Williams* (1986) 474 U.S. 327.

5

ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FIFTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff fails to meet the requirements of Civil Code section 52.1 as there is no showing that there was interference by either threats, intimidation, coercion or attempts to interfere by threats, intimidation or coercion with the exercise of any rights or enjoyment Plaintiff may exercise under the Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

18.     As to any public employee, the acts complained of are nothing more than discretionary acts under state law entitling immunity under Government Code section 820.2.

## SEVENTEENTH AFFIRMATIVE DEFENSE

19.     Any acts of an individual defendant in the execution or enforcement of any law is immune under Government Code section 820.4.

## EIGHTEENTH AFFIRMATIVE DEFENSE

20.     To the extent that a public employee is immune from liability, such immunity also applies to the public entity under Government Code sections 815 and 815.2.

## NINETEENTH AFFIRMATIVE DEFENSE

21.     To the extent that the duties alleged in the Complaint are claimed to have been breached, defendants contend that the discharge of any mandatory duty was done upon the exercise of reasonable diligence and is protected under the provisions of Government Code section 815.6.

## TWENTIETH AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred pursuant to Government Code section 810 et seq., including but not limited to §§ 820.2, 820.6, 820.8 and, and are immune from liability pursuant to Penal Code § 196.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

23.     At all times relevant herein, the individual defendants were performing discretionary functions and did not violate a clearly-established constitutional or statutory right of which a reasonable person in their position would have known. Therefore, defendants are entitled to qualified immunity.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

24.     At the time of the events referred to herein, plaintiffs consented to the conduct of defendant by reason of his voluntary participation therein and knew the risks of injury and damage involved in his actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks and thus plaintiff is barred from recovery herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25.     These defendants are not liable for any punitive damages in that defendants have never taken any action with a willful or conscious disregard of the plaintiff's rights, have not engaged in any despicable conduct with respect to the plaintiff, nor have defendants performed or omitted any act which would constitute intentional misrepresentation, deceit or concealment of a material fact with the intention of depriving the plaintiff of property, legal rights or causing injury. California Civil Code section 3294.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

26.     The actions by the defendants were reasonable and justified in that they were acting in self-defense.

//
//
//
//
//
//
//
//
//
//
//
//

7

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, these answering defendants pray that:

1. Plaintiff takes nothing by reason of his complaint;

2. For costs of suit incurred herein;

3. For defense costs, including reasonable attorney fees as allowable by law; and

4. For such other and further relief as the court may deem just and proper.

Dated: December ___, 2016                          WAGNER & PELAYES, LLP


_____
DENNIS E. WAGNER, Esq.
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO and
SHERIFF JOHN McMAHON


## DEMAND FOR JURY TRIAL

COME NOW, defendants, COUNTY OF SAN BERNARDINO and SHERIFF JOHN McMAHON, and hereby demand a trial by jury of all matters for which a jury trial is available.

Dated: December ___, 2016                          WAGNER & PELAYES, LLP


_____
DENNIS E. WAGNER, Esq.
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO and
SHERIFF JOHN McMAHON

8

ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF RIVERSIDE          )

I, the undersigned, declare:

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to this action; my business address is 1325 Spruce Street, Suite 200, Riverside, California 92507.

On the date written below, I served the document named below on the parties indicated below, in the following manner:

☒ **(By Mail)** I am familiar with this office's practice for the collection and processing of documents for mailing with the United States Postal Service. The documents are deposited with the United States Postal Service on the same day in the ordinary course of business. I placed a true copy of the document thereof in a sealed envelope and caused said document(s) to be delivered in this manner.

☐ **(By Facsimile)** I am familiar with this office's practice for the facsimile transmission of documents. I caused said document(s) to be sent to the facsimile numbers listed below and caused said machine to print a transmission record, a copy of which I have retained. The sending machine is (951) 686-4801.

☐ **(By E-Mail)** I am familiar with this office's practice for the transmission of documents via e-mail using Microsoft Outlook. I caused said document(s) to be sent to the e-mail address listed below with the options to obtain delivered and read receipts checked. The sending computer is assigned to Kim Connelly

**DOCUMENT:**    Answer to Complaint for Damages; Demand for Jury Trial

**PARTIES SERVED:**

Jacob Emrani, Esq.
Brett C. Drouet, Esq.
Timothy P. Mitchell, Esq.
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
1516 South Broadway
Los Angeles, CA 90015
Tel: (213) 748-7734
Fax: (213) 748-8879

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California, United State of America that the above is true and correct to the best of my knowledge.

Executed on December 15, 2016 at Riverside, California.

_____
Esmeralda Townsend, Declarant

9

ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL