UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-2595-FMO-KKx** | Date: | October 19, 2017 |
| Title: | *Daniel Salazar v. San Bernardino County Sheriff's Department, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Granting Defendants' Motion to Compel (Dkt. 18) And Vacating The October 26, 2017 Hearing

On September 20, 2017, Defendants County of San Bernardino and Sheriff John McMahon ("Defendants") filed a Motion to Compel along with a Joint Stipulation pursuant to Local Rule 37-2 ("JS"). ECF Docket No. ("Dkt.") 18, Motion; Dkt. 18-1, JS. Defendants seek to compel Plaintiff Daniel Salazar ("Plaintiff") to (1) provide responses to written discovery requests, and (2) appear for his deposition. JS at 4.[1] Defendants also seek an Order putting Plaintiff on notice that if he fails to comply with the Court's order, Defendants can seek an Order from the Court terminating this action with prejudice. Id. Finally, Defendants request the reasonable costs and fees incurred in bringing the Motion to Compel in the amount of $1,750.00. Id. at 15.

For the reasons set forth below, the Court GRANTS Defendants' Motion to Compel and orders Plaintiff to pay Defendants $1,750.00 for reasonable expenses incurred in bringing the Motion to Compel. The hearing on the Motion to Compel currently set for October 26, 2017 is VACATED.

///
///

---

[1] The Court refers to page numbers as they are assigned by the Court's electronic docketing system.

# I.
# BACKGROUND

The action arises out of an incident on November 9, 2015 when Plaintiff was shot by San Bernardino County Sheriff's Department deputies. Dkt. 1-1, Compl. Plaintiff initiated this action in San Bernardino County Superior Court on October 25, 2016. Id. On December 16, 2016, the case was removed to federal court. Dkt. 1.

On July 10, 2017, Defendants served Interrogatories and Requests for Production on Plaintiff by mail. Dkt. 19, Declaration of Dennis Wagner ("Wagner Decl."), ¶ 1.

On July 17, 2017, the Court issued a Scheduling Order setting a discovery cut-off of January 16, 2018 and trial for July 31, 2018. Dkt. 16.

On August 30, 2017, Defendants still had not received any responses to the Interrogatories or Requests for Production. Wagner Decl., ¶ 2. Hence, on August 30, 2017, Defendants' counsel sent Plaintiff's counsel a letter requesting responses to the Interrogatories and Requests for Production by September 6, 2017. Id. ¶ 2, Ex. 1.

On August 30, 2017, Defendants served a Notice of Deposition on Plaintiff to occur on October 9, 2017. Dkt. 20-1, Supplemental Declaration of Dennis Wagner ("Suppl. Wagner Decl."), ¶ 1.

On September 6, 7, and 8, 2017, Defendants' counsel's assistant sent Plaintiff's counsel emails requesting the status of the discovery responses. Id. ¶¶ 3, 4, 5, Ex. 2. On September 8, 2017, Plaintiff's counsel's paralegal responded to the emails stating that Plaintiff's counsel would respond regarding discovery when he "comes in and reads his emails." Id. ¶ 5, Ex. 2. Plaintiff's counsel failed to respond. Id. ¶ 6.

Hence, on September 11, 2017, Defendants' counsel sent Plaintiff's counsel an email requesting to meet and confer regarding the instant Motion to Compel. Id. ¶ 7, Ex. 2. On September 11, 2017, Plaintiff's counsel responded by explaining that he was unable to contact Plaintiff and was therefore unable to respond to the discovery requests. Id. ¶ 8, Ex. 2.

On September 20, 2017, Defendants filed the instant Motion to Compel with a Joint Stipulation pursuant to Local Rule 37-2. Dkt. 18. On October 12, 2017, Defendants filed a supplemental brief informing the Court Plaintiff failed to appear for his October 9, 2017 deposition. Dkt. 20.

///
///
///
///

# II.
# DISCUSSION

## A. THE MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION IS GRANTED

### 1. Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Failure to object to requests for production of documents within the time required constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); Bryant v. Armstrong, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (holding objections served one and one-half months late were waived).

### 2. Analysis

Here, Plaintiff was served with Requests for Production on July 10, 2017. Wagner Decl., ¶ 1. As of September 20, 2017, Plaintiff had not served any responses to the Requests for Production. Id. ¶ 10. Accordingly, Plaintiff has waived any objections to the Requests for Production. Hence, the Court grants Defendants' Motion, and Plaintiff shall serve written responses to the Requests for Production and produce all responsive documents without objections **within ten (10) days of the date of this order**.

## B. THE MOTION TO COMPEL RESPONSES TO INTERROGATORIES IS GRANTED

### 1. Applicable Law

Federal Rule of Civil Procedure 33 governs interrogatories to parties. See Fed. R. Civ. P. 33. "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

///

### 2. Analysis

Here, Plaintiff was served with Interrogatories on July 10, 2017.  Wagner Decl., ¶ 1.  As of September 20, 2017, Plaintiff has not served any answers or objections to the Interrogatories.  Id. ¶ 10.  Accordingly, Plaintiff has waived any objections to the Interrogatories.  Hence, the Court grants Defendants' Motion, and Plaintiff shall serve verified, written responses to Interrogatories without objections **within ten (10) days of the date of this order**.

## C. THE MOTION TO COMPEL PLAINTIFF'S DEPOSITION IS GRANTED

### 1. Applicable Law

Federal Rule of Civil Procedure 30 governs depositions by oral examination.  See Fed. R. Civ. P. 30.  Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ."  Fed. R. Civ. P. 30(a)(1).  "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed. R. Civ. P., designating a different place."  Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628 (C.D. Cal. 2005).  Moreover, a party's failure to appear at that party's deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fed. R. Civ. P. 37(d)(2); Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008).

### 2. Analysis

Here, on October 9, 2017, Plaintiff failed to appear for his properly-noticed deposition.  See Suppl. Wagner Decl., ¶ 1.  Plaintiff was not excused from appearing at his properly-noticed deposition and did not move for a protective order before failing to appear.  See Fed. R. Civ. P. 37(d)(2); Paige, 248 F.R.D. at 275.  Accordingly, Defendants' Motion to Compel Plaintiff's deposition is granted.  Plaintiff must appear for his previously-noticed deposition **within thirty (30) days of the date of this Order**.

## D. PLAINTIFF AND HIS COUNSEL SHALL PAY DEFENDANTS' REASONABLE EXPENSES INCURRED IN MAKING THE MOTION TO COMPEL

### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

Further, the failure of a party to attend his deposition without first obtaining a protective order will subject that party to sanctions under Rule 37(d). See In re Honda, 106 B.R. 209, 211 (Bankr. D. Haw. 1989); see also Fed. R. Civ. P. 37(d)(1)(A) (permitting a court to order sanctions when a party's failure to appear for its deposition is not "substantially justified"); Henry v. Gill Indus., Inc., 983 F.2d 943, 947 (9th Cir. 1993) (finding a last-minute cancellation constitutes "failure to appear" and affirming sanctions).

**2.     Analysis**

Here, for the reasons discussed above, Defendants' Motion to Compel is granted in its entirety. The Court finds Plaintiff's failure to serve timely responses to written discovery or to appear at his properly noticed deposition on October 9, 2017 was not "substantially justified." Plaintiff failed to file a motion for a protective order under Rule 26(c) before the date of the deposition despite ample opportunity to do so. In addition, the correspondence between Defendants' counsel and Plaintiff's counsel further shows Defendants attempted to resolve the dispute without Court intervention, but Plaintiff's counsel was not cooperative and refused to timely return phone calls and emails. See Wagner Decl., ¶¶ 2-7, Ex. 2. Therefore, the Court finds there are no circumstances making "an award of expenses unjust."[2] Thus, pursuant to Federal Rules of Civil Procedure 37(a)(5)(A), Defendants are entitled to recover their reasonable expenses, including attorney's fees, incurred in making the instant Motion. See Fed. R. Civ. P. 37(a)(5)(A).

Defendants request Plaintiff pay $1,750.00 for fees incurred in bringing their Motion. In support of this request, Defendants have submitted Mr. Wagner's declaration, which establishes (1) Defendants' counsel spent seven hours preparing the instant Motion; and (2) Defendants' counsels' reasonable hourly rate for this matter is $250.00. Wagner Decl., ¶ 13; see Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) ("[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'").

The Court finds both the hours spent preparing the Motion as well as the hourly rates to be reasonable. Paige, 248 F.R.D. at 277 (C.D. Cal. 2008) (awarding $5,585.00 as reasonable expenses incurred in making similar motion to compel, finding 8.5 hours and hourly rate of $490 were reasonable); Tacori Enters. v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (awarding $6,150.00 as reasonable expenses incurred in making similar motion to compel, finding 7.5 hours spent by two attorneys whose hourly rates were $555 and $265 were reasonable).

Accordingly, Defendants' request for payment of their reasonable expenses is GRANTED, and Plaintiff shall pay to Defendants the sum of $1,750, which represents the reasonable expenses incurred by Defendants in bringing this Motion **within sixty (60) calendar days of the date of this Order.**

---

[2] While Plaintiff's counsel suggests Plaintiff is indigent, JS at 11, there is no evidence in the record to support this.

# III.
# ORDER

For the reasons set forth above, the Court ORDERS AS FOLLOWS:

1. Defendants' Motion to Compel responses to Interrogatories and Requests for Production is GRANTED. **Within ten (10) days of the date of this Order**, Plaintiff shall serve on Defendants (a) responses to Requests for production and produce documents responsive thereto without objection; and (b) verified responses to Interrogatories without objection.
2. Defendants' Motion to Compel Plaintiff's Deposition is GRANTED. **Within five (5) court days of the date of this Order** the parties shall meet and confer to agree on a date for Plaintiff's deposition to take place **within thirty (30) calendar days of the date of this Order.**
3. Defendants' request for expenses is GRANTED. **Within sixty (60) calendar days of the date of this Order**, Plaintiff shall pay to Defendants, the sum of $1,750.00.
4. The hearing set for October 26, 2017 is hereby VACATED.

**IT IS SO ORDERED.**